WILLOW CITY FARMERS ELEVATOR,
Plaintiff and Appellee,

v.

Hayden THOMPSON, Defendant and
Third-Party Plaintiff and Appellant,

v.

PIONEER STATE BANK, Roger B. West,
Receiver and Trustee of the Pioneer
State Bank, and State Bank of Towner,
Third-Party Defendant (Not Parties to
Appeal).

Civ. No. 9416.

Supreme Court of North Dakota.

Dec. 19, 1977.

Richard P. Olson of Pringle & Herigstad, Minot, for plaintiff and appellee, on briefs.

Kermit Edward Bye, Fargo, on Stipulation for Hayden Thompson.

SAND, Justice.

The motion to dismiss the appeal was presented on briefs in this case without oral argument.

Hayden Thompson, the defendant and third-party plaintiff, appealed from a summary judgment against himself dated 5 May 1977 awarding $30,814.35 to Willow City Farmers Elevator. The appeal was filed with the district clerk of court on 16 May 1977.

Willow City Farmers Elevator, on 14 November 1977, filed a motion with this Court pursuant to North Dakota Rules of Appellate Procedure 12(c) to dismiss Thompson's appeal on the ground that Thompson merely served and filed a notice of appeal but did not timely transmit the record or pay the required docket fee and has not taken any steps required to complete the appeal.

The docket fee was paid and the record was transmitted and filed with this Court on 17 November 1977. The hearing on the motion to dismiss was scheduled for 6 December 1977.

Willow City Farmers Elevator filed a brief in support of its motion but Hayden Thompson did not file a brief resisting the motion.

On 5 December 1977 our clerk of court received a letter from counsel for Willow City Farmers Elevator advising that Thompson's attorney, in a telephone conversation, stated to him that he did not plan to contest the motion to dismiss and would notify the court of his intent.

On 12 December 1977 the clerk of court received a letter from counsel for Willow City Farmers Elevator stating that the stipulation of dismissal would not be signed and presented to the Court. (However, on 15 December 1977 the clerk of the North Dakota Supreme Court received a stipulation for dismissal executed on behalf of the appellee and the appellant.) Counsel further indicated that had the stipulation been presented prior to the briefing of the motion for dismissal he would have signed it.

In *South and South, husband and wife, v. National Railroad Passenger Corporation (AMTRAK), Burlington Northern Railroad, Inc., City of Larimore, County of Grand Forks, and State of North Dakota*, 260 N.W.2d 212 (1977), we adopted the statement from prior decisions that unless good cause is shown for failure to comply with

the Rules of this Court an appeal will be dismissed. See *Anderson v. Anderson,* 258 N.W.2d 146 (N.D.1977), and *McCullough v. Swanson,* 245 N.W.2d 262 (N.D.1976).

In *Gerhardt v. Fleck,* 251 N.W.2d 764 (N.D.1977), we summarized the reasons for the dismissal or non-dismissal of each case considered.

Hayden Thompson has not shown good cause for his failure to comply with the rules and therefore the motion to dismiss is granted.

To prevent repetition of the disregard for the time and effort of all parties and the Rules of Appellate Procedure, costs in the sum of $50.00 are allowed to Willow City Farmers Elevator.

ERICKSTAD, C. J., and PAULSON, PEDERSON and VOGEL, JJ., concur.