JERRY HARMON MOTORS, INC., a
corporation, Plaintiff and Appellee,

v.

Marold R. HALVORSON, Defendant
and Appellant.

Civ. No. 9905.

Supreme Court of North Dakota.

June 29, 1981.

McIntee & Whisenand, Williston, for
plaintiff and appellee; argued by Frederick
E. Whisenand, Jr., Williston.

McGee, Hankla, Backes & Wheeler, Mi-
not, for defendant and appellant; argued
by Robert A. Wheeler, Minot.

PEDERSON, Justice.

Marold Halvorson has appealed from a
district court order denying his motion to
vacate a default judgment, and has moved
for permission to file an answer to the
original complaint. Jerry Harmon Motors
has moved for dismissal of the appeal. We
grant the latter motion.

The original dispute between the parties
occurred over an alleged sale of an automo-
bile. On January 9, 1980, Halvorson was
driving a car belonging to Harmon Motors
and was involved in an accident leaving the
car extensively damaged. Harmon Motors
demanded from Halvorson $9,000.00 which
was to be the full purchase price. When
Halvorson refused to pay, Harmon Motors
sued claiming that a deal had been complet-
ed. Halvorson was served but made no
answer nor appearance. On July 28, 1980,
default judgment was entered against Hal-
vorson for $9,000.00, plus interest and costs.
Ten days later, on August 7, 1980, Halvor-
son moved to vacate the judgment. The
motion was denied on October 27, 1980.

On November 5, 1980, well within the
time allowed under Rule 4(a), N.D.R.App.P.,
Halvorson filed a notice of appeal. The
record was sent to the clerk of this court
but Halvorson failed to remit the $50.00
docket fee. Halvorson failed also to deposit
the cost bond required by Rule 7, N.D.R.
App.P. Ordinarily the filing fee and the
cost bond must be filed at the same time as
the notice of appeal. See, Procedure Com-
mittee Notes, Rule 7, N.D.R.App.P. In Jan-
uary, 1981, Halvorson's attorney wrote to
inform this court that his client wished to
withdraw the appeal, but did not follow the
procedure in Rule 42, N.D.R.App.P. Hal-
vorson retained a new attorney who, in
March, 1981, paid the $50.00 docket fee.
Halvorson's appellate brief, due under Rule
31, N.D.R.App.P., on December 17, 1980,
was not submitted until March 19, 1981.
This court granted an extension, but the
extension was not requested until March 11,
1981, almost three months late.[1] The cost

---

1. The extension of time for the filing of an
appellate brief was originally granted ex parte,
subject to the provisions of Rule 27(b), N.D.R.

App.P. Jerry Harmon Motors, Inc., subse-
quently filed a written objection. Argument
thereon was set for the same time as the appeal

bond was filed June 2, 1981, nine days before the hearing in this court.

The reason for these defects, according to Halvorson, was the poor health of his original attorney. Halvorson claims that he did not know of the attorney's failure to proceed properly with the appeal until February, 1981, when he retained his present attorney.

While we recognize that attorney disability will excuse some deviation from the rules pertaining to appeal, *McCullough v. Swanson*, 245 N.W.2d 262, 265 (N.D.1976), we decline to apply that exception to this case. Halvorson has failed to disclose any particulars of his attorney's illness which would show the real and extended disability necessary to pardon the procedural irregularities and delay involved here. The record discloses that the attorney was not lacking in experience, and his letter to this court, in which he sought to withdraw the appeal, indicates that he at least had the capacity to communicate and thus to transfer the case to another if necessary. Moreover, the letter states that "my *client* wishes to withdraw his appeal." [Emphasis added.] We are not convinced that the attorney was solely responsible for the hesitancy with which the appeal was pursued. We note the loss and inconvenience to Harmon Motors occasioned by the lengthy delay in executing the judgment.

Especially with a default judgment we are reluctant to dismiss an appeal, for decisions on the merits are preferred. *McCullough, supra*, 245 N.W.2d at 264. In Halvorson's case, however, abuse of appellate rules is not limited but pervasive. There is also a strong suggestion in the record that the failure to observe the rules in a prompt manner resulted from Halvorson's own indecision. If this was not the case, there appears at least to have been a total lack of effort on Halvorson's part to monitor or even stay in touch with the events of the case. We conclude that Halvorson has failed to show good cause why his noncom-

pliance with the rules should be overlooked and why his appeal should not be dismissed. See, *Willow City Farmers Elevator v. Thompson*, 261 N.W.2d 381 (N.D.1977).

Halvorson's motion to file an answer in the district court is denied; the motion to dismiss the appeal is granted.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.

---

was heard. After reconsideration, by this opinion, the motion to extend the time for filing an

appellate brief is in effect denied.