**Trudie Kay SCHMIDT, Plaintiff and Appellee,**

**v.**

**Gerald Delbert SCHMIDT, Defendant and Appellant.**

**Civ. No. 10197.**

Supreme Court of North Dakota.

Oct. 20, 1982.

Ella Van Berkom, Minot, for plaintiff and appellee.

Chapman & Chapman, Bismarck, for defendant and appellant; argued by Daniel J. Chapman, Bismarck.

PEDERSON, Justice.

This is an appeal from a final judgment in a divorce case in which a challenge is made to property division, child support, and attorney fees on appeal. The judgment is affirmed.

The trial court prepared and filed a nine-page memorandum decision. It is sufficient, under Rule 52(a), NDRCivP, if the findings of fact and conclusions of law appear in a memorandum decision. In this case we have heard no claim that the findings of fact and conclusions of law do not appear in the memorandum decision, although conclusions, findings and observations are mingled with recitations from the testimony which are nonessential for appellate review purposes.

After about 16 years, the marriage of Gerald and Trudie Schmidt was terminated. Custody of the three children born of this marriage was awarded to Trudie and is not disputed on this appeal. All of the assets of the marriage were considered, and approximately 39% of the "low equity value" was awarded to Trudie and about 61% to Gerald. Gerald was ordered to pay $500 per month for child support until the oldest child reaches the age of 18 and, thereafter, $400 until the youngest child reaches the age of 18. Gerald appealed.

## ON MOTION TO STRIKE APPELLEE'S BRIEF

Before we reach the merits of the appeal, we will consider a motion by Gerald, the appellant, that we should strike the brief submitted by Trudie, the appellee, because she failed to comply with Rule 28(a)(3), NDRAppP.

Rule 28(a)(3) provides that, in the appellant's brief, the statement of the facts relevant to the issues presented for review shall have "appropriate references to the record." Rule 28(b) requires the same of the appellee when a statement of the facts is included in the brief.

Rule 13, NDRAppP, provides that "[t]he supreme court may take any appropriate action against any person failing to perform an act required by the rules or required by court order." As we said in *Jostad v. Jostad*, 285 N.W.2d 583, 585 (N.D. 1979):

"Many times we have reiterated our preference to reach the merits of cases. See *State v. Packineau*, 270 N.W.2d 336 (N.D.1978), and *Willow City Farmers Elevator v. Thompson*, 261 N.W.2d 381 (N.D. 1977), and cases cited therein. The factors which enter into our evaluation are expressed in those cases. We add the factor from the Procedure Committee comment to Rule 13 that we apply sanctions sparingly, when it is necessary to protect the appellate process from abuse."

We do not think that Trudie's disregard of Rule 28(b) warrants striking her brief. The facts in her brief were supported by the record. We will restate our position, however, that the "rules must be treated respectfully," and that "we do not intend that our admonitions be treated as 'empty noise.'" *Jostad, supra,* 285 N.W.2d at 585.

## ON MERITS OF THE APPEAL

Section 14–05–24, NDCC, provides, in part:

"When a divorce is granted, the court shall make such equitable distribution of the real and personal property of the parties as may seem just and proper, and may compel either of the parties to provide for the maintenance of the children of the marriage, . . . ."

The scope of our review of fact issues in a divorce action is limited by Rule 52(a), NDRCivP, to a single determination—whether or not a special finding is clearly erroneous. See *Grant v. Grant,* 226 N.W.2d 358, 361 (N.D.1975); *Rambel v. Rambel,* 248 N.W.2d 856, 858 (N.D.1977). We have attempted to show how to distinguish findings from conclusions in *E.E.E., Inc. v. Hanson,* 318 N.W.2d 101, 104 (N.D. 1982); *Gross v. Gross,* 287 N.W.2d 457 (N.D. 1979); *Kasper v. Provident Life Ins. Co.,* 285 N.W.2d 548, 1 A.L.R. 4th 1305 (N.D. 1979). Labels are not ordinarily significant. *Jahner v. Jacob,* 233 N.W.2d 791, 798 (N.D. 1975).

Specifically, we have often said that the equitableness of a property division in a divorce case is treated as a finding of fact, *Williams v. Williams,* 302 N.W.2d 754, 756 (N.D.1981), and that a property division need not be equal to be equitable. *Grant v. Grant, supra.* We have also repeatedly held that a determination relative to child support will be treated as a finding of fact. *Haugeberg v. Haugeberg,* 258 N.W.2d 657, 659 (N.D.1977).

"A finding by the trial court is not to be disturbed unless it is clearly erroneous, either upon a clear demonstration that it is without substantial evidentiary support or that it was induced by an erroneous view of the law." *Stee v. "L" Monte Industries, Inc.,* 247 N.W.2d 641, 644 (N.D.1976).

Gerald has made no clear demonstration that there is an absence of evidentiary support for the finding of equitable property division and for the finding that child support payments of $500/400 per month are required in this case. Credibility of witnesses and the weight to be given their testimony are exclusively functions of the trial court. *Peterson v. Hart,* 278 N.W.2d 133, 136 (N.D.1979). Included, of course, is the authority of the trial court to draw inferences from facts. See *Woodbury v. Pfliiger,* 309 N.W.2d 104, 108 (N.D.1981). In this case, the findings of fact are clearly supported by substantial evidence.

If we understand Gerald's argument correctly, it is that the property division was "induced by an erroneous view of the law." He contends that it was error as a matter of law for the trial court to consider a substantial part of the property, which he has labeled "gift" or "inheritance" from Gerald's parents to Gerald alone, as assets of the marital estate. The law and cases he cites in support of this argument are misinterpreted.

In *Hultberg v. Hultberg,* 259 N.W.2d 41, 43–44 (N.D.1977), we said:

"In conjunction with a divorce or a separation from bed and board, the trial court clearly has the power to award property, the title to which is held solely by one spouse, to the other spouse, or to divide the property between them. [Cites omitted.] Furthermore, if an equitable distribution requires it, the district court has the power to award to one spouse property acquired solely by the other spouse prior to their marriage."

We conclude that § 14–05–24, NDCC, contemplates that the trial courts, in making an equitable distribution of property in a divorce case, will consider *all* of the real and personal property of both parties, regardless of the source. See *Zent v. Zent,* 281 N.W.2d 41, 45 (N.D.1979). The circumstances of inheritance, gift, or premarital acquisition are factors to be considered under the *Ruff-Fischer* guidelines (*Ruff v. Ruff,* 78 N.D. 775, 52 N.W.2d 107 (1952); *Fischer v. Fischer,* 139 N.W.2d 845 (N.D.1966)), but are not rules of law which prevent equitable distribution of marital assets.

The findings of fact determining equitable property distribution and child support payments are not clearly erroneous.

After the appeal had been filed, Gerald says, the trial court ordered him to pay Trudie's attorney, on appeal, fees of $1,500.00. The record in this case does not contain such order. Ordinarily, trial courts lose jurisdiction when a notice of appeal is filed. There is an exception for determining attorney fees on appeal in divorce cases. *See* discussion thereof in *Porter v. Porter,*

274 N.W.2d 235, 243 (N.D.1979); *Keig v. Keig,* 270 N.W.2d 558, 561 (N.D.1978); and in *Orwick v. Orwick,* 152 N.W.2d 95 (N.D. 1967). *See also* § 14–05–23, NDCC. Ordinarily, also, a notice of appeal filed with the clerk of the district court on April 9, 1982, does not give this court jurisdiction over any action taken by the district court after that date. In any event, in this case, there is no record upon which we can determine whether or not there was a showing of need for the allowance of attorney fees, on appeal, of $1,500.00. Absent a showing of clear abuse of discretion, this court does not overturn a trial court determination of reasonable attorney fees. *Matter of Estates of Kjorvestad,* 287 N.W.2d 465, 470 (N.D.1980).

The judgment is affirmed.

ERICKSTAD, C.J., and PAULSON, SAND and VANDE WALLE, JJ., concur.