**Dana M. GEGELMAN, Plaintiff and Appellee,**

v.

**Albert GEGELMAN, Defendant and Appellant.**

**Civ. No. 10475.**

Supreme Court of North Dakota.

Jan. 13, 1984.

Mills & Moore, Bismarck, for plaintiff and appellee; argued by Sherry Mills Moore, Bismarck.

William C. Severin, Bismarck, for defendant and appellant; argued by Marnell Ringsak, Bismarck.

PEDERSON, Justice.

This is an appeal by Albert Gegelman from a judgment granting his wife, Dana Gegelman, a divorce and dividing the marital property between them. The property was divided in substantially the following manner:

(1) Al received the entire interest in Al's Loan Company.

(2) Al and Dana each received a one-half joint ownership interest in 18 acres of land located at Beulah.

(3) Albert received $80,000.00 equity in their Beulah home and Dana received $45,000.00 equity in the home.

(4) Albert received personal property valued by the court at $12,310.00 and Dana received personal property valued by the court at $10,254.00.

On appeal, Albert asserts that under the standard of review prescribed in Rule 52(a), NDRCivP, the property division is clearly erroneous. We do not agree.

■ Division of property in a divorce action is treated as a finding of fact and will not be set aside on appeal unless it is clearly erroneous. *Schmidt v. Schmidt*, 325 N.W.2d 230 (N.D.1982); *Klitzke v. Klitzke*, 308 N.W.2d 385 (N.D.1981); *Fine v. Fine*, 248 N.W.2d 838 (N.D.1976).

■ The district court found that Albert entered the marriage with a net worth of $35,000.00. Albert asserts that his premarital net worth was considerably more than that. There is substantial evidence to support the district court's finding.

Albert's primary dispute with the district court's division of property is that the court allegedly refused to give credence to certain debts which Al asserts were owed by the parties to Al's Loan Company and to certain members of Albert's own family. The district court found that, for purposes of dividing the property, the debts were "fictitious, fraudulent, a sham and invalid." Consequently, the court, in determining the value of Albert and Dana's marital property, did not deduct therefrom any amount to

reflect those alleged debts. Because we do not substitute our judgment for that of the trial court on matters of witness credibility, we accept the district court's evaluation of the testimony concerning debts. Credibility is exclusively a function of trial courts. *Schmidt v. Schmidt, supra.*

In making a division of the property, the court, in effect, awarded Albert $35,000.00 reflecting his .net worth at the time of entering the marriage and then awarded Albert and Dana each approximately one-half of the value of the remaining property. Nothing in the record indicates that the district court's division of property was induced by an erroneous view of the law or that the district court failed to consider appropriate and pertinent criteria in making its decision. This Court is not left with a firm and definite conviction that the district court made a mistake. The court's division of property is supported by substantial evidence and its findings in that regard are not clearly erroneous. Accordingly, we affirm the judgment.

ERICKSTAD, C.J., and GIERKE, SAND and VANDE WALLE, JJ., concur.