Kathy **BLOWERS**, Plaintiff and Appellee,

v.

William **BLOWERS**, Sr., Defendant and Appellant.

Civ. No. 10967.

Supreme Court of North Dakota.

Nov. 21, 1985.

Eaton, Van de Streek & Ward, Minot, for plaintiff and appellee; argued by Michael Ward.

Farhart, Lian, Maxson, Howard & Sorensen, Minot, for defendant and appellant; argued by R. James Maxson.

ERICKSTAD, Chief Justice.

William Blowers, Sr., appeals from a district court judgment granting him and Kathy Blowers a divorce. He raises issues involving the trial court's property division. We affirm.

William and Kathy were married on August 31, 1979. One child was born of the marriage, Jenny Teresa. At the time of the marriage, William and Kathy each had a relatively small amount of property. The bulk of their marital estate was acquired by inheritance or gift. Kathy inherited approximately $12,500 from her grandfather, and her father made an inter vivos transfer to her of a one-half interest in a quarter section of land and a house in Ryder, North Dakota. William will be the beneficiary of a trust from his father's estate with an estimated value of approximately $65,000. That estate was in probate at the time of the divorce, and the corpus of the trust will not be distributed to William for 25 years.

The trial court's property division essentially gave each party the property that each brought into the marriage and the

property each had received by inheritance or gift. However, the trial court also awarded Kathy ten percent of the trust which William will receive from his father's estate.

William contends that the trial court's property division was not equitable because Kathy received ten percent of the trust. William also contends that the trial court did not follow the *Ruff-Fischer* guidelines[1] in awarding part of his inheritance to Kathy.

 Section 14–05–24, N.D.C.C., requires the trial court to distribute the parties' property "as may seem just and proper." The ultimate objective is to make an equitable division of the property. *Fraase v. Fraase*, 315 N.W.2d 271 (N.D.1982). There are no set rules for the distribution of the marital estate and what is equitable depends upon the circumstances of the particular case. *Tuff v. Tuff*, 333 N.W.2d 421 (N.D.1983). Pursuant to Section 14–05–24, N.D.C.C., the trial court initially must consider all of the real and personal property accumulated by the parties as part of the marital estate, regardless of the source. *Schmidt v. Schmidt*, 325 N.W.2d 230 (N.D. 1982). However, the trial court may or may not award the separate property of one spouse to the other spouse depending upon whether or not an equitable distribution so requires. *Schmidt v. Schmidt, supra*.

 The trial court's determinations on matters of property division are treated as findings of fact and will not be set aside on appeal unless they are clearly erroneous under Rule 52(a), N.D.R.Civ.P. *Schmidt v. Schmidt, supra*. A finding of fact is clearly erroneous when, although there is some evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been made. *In re Estate of Elmer*, 210 N.W.2d 815 (N.D.1973). To determine whether or not a property division is clearly erroneous, we need to understand the trial court's

rationale for its decision. *Urlaub v. Urlaub*, 325 N.W.2d 234 (N.D.1982). Although the trial court need not make an express finding as to each of the *Ruff-Fischer* guidelines, appellate review is significantly aided when findings of fact are prepared which clearly disclose the basis of the trial court's decision. *Winter v. Winter*, 338 N.W.2d 819 (N.D.1983); *Nastrom v. Nastrom*, 284 N.W.2d 576 (N.D.1979). A property division will not be set aside on appeal because of the trial court's failure to show the basis for it if that basis is reasonably discernible by deduction or inference. *Lentz v. Lentz*, 353 N.W.2d 742 (N.D.1984).

 In this instance, the findings of fact are not as specific as we would like. However, we can understand the rationale for the trial court's decision to award Kathy ten percent of William's interest in the trust based on the entire record and the trial court's findings of fact. The trial court found that Kathy's inheritance of approximately $12,500 from her grandfather was expended for the benefit of her and William during their marriage. The record reflects that William's interest in the trust is approximately $65,000 and that ten percent of that interest is $6,500. The trial court's property division essentially gave each party the property they brought into the marriage and repaid Kathy for the expenditures of her inheritance during the parties' marriage. Such a division is within the purview of the trial court in making an equitable division of a marital estate.

We are not left with a definite and firm conviction that a mistake has been made in the property division and, accordingly, we conclude that the trial court's property division is not clearly erroneous.

The district court's decision is affirmed.

MESCHKE, VANDE WALLE, GIERKE and LEVINE, JJ., concur.

---

1. See *Fischer v. Fischer*, 139 N.W.2d 845 (N.D. 1966); *Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952).