Mary J. FLECK, Plaintiff and Appellee,

v.

Robert L. FLECK, Defendant and Appellant.

Civ. No. 880010.

Supreme Court of North Dakota.

Aug. 17, 1988.

Vinje Law Firm, Bismarck, for defendant and appellant; Ken R. Sorenson (argued).

Baer & Asbridge Chartered, Bismarck, for plaintiff and appellee; Richard B. Baer (argued).

GIERKE, Justice.

This is an appeal by the defendant, Robert Fleck, from a divorce judgment of the District Court of Morton County which granted the plaintiff, Mary Fleck, custody of the parties' minor child, distributed the marital property, and ordered the defendant to pay temporary spousal support and child support. We affirm in major part and remand.

Robert and Mary Fleck were married on July 14, 1979. Robert and Mary worked full-time during the marriage and acquired considerable property with little or no debt.

On November 2, 1986, the parties' only child, Jessie Fleck, was born.

On December 19, 1986, Mary initiated the instant action seeking an absolute decree of divorce, custody of the parties' minor child, spousal and child support, and an equitable property division. The trial court issued an interim order granting Mary temporary custody of the minor child of the parties and support in the amount of $800.00 per month. A hearing on the interim order was requested by Robert. On January 31, 1987, the interim order was, by stipulation, amended to reduce the amount of support from $800.00 per month to $400.00 per month.

A trial was held on September 23, 1987. On November 9, 1987, the trial court entered a judgment dissolving the marriage, distributing the property, and awarding custody of the parties' minor child and the income tax dependency exemption to Mary. The trial court ordered Robert to pay $350.00 per month child support until the child reaches age 18. The trial court further ordered Robert to pay $200.00 per month rehabilitative spousal support beginning November 1987 and to continue for 24 months. This appeal followed.

Robert raises four issues on appeal. Initially, Robert contends that the trial court erred in the determination of spousal support and child support. Robert also contends that the trial court erred in the award of the income tax dependency exemption to Mary, the custodial parent. Next, Robert contends that the trial court erred in the distribution of property. Finally, Robert contends that the trial court erred in delaying partial payment of the award of property without allowing interest or any means of enforcement.

Section 14–05–24 of the North Dakota Century Code provides as follows:

"14–05–24. Permanent alimony—Division of property. When a divorce is granted, the court shall make such equitable distribution of the real and personal property of the parties as may seem just and proper, and may compel either of the parties to provide for the maintenance of the children of the mar-

riage, and to make such suitable allowances to the other party for support during life or for a shorter period as to the court may seem just, having regard to the circumstances of the parties respectively. The court from time to time may modify its orders in these respects."

Robert argues that the record does not indicate that the trial court considered the supporting spouse's needs and ability to pay when it ordered spousal support of $200.00 per month and child support of $350.00 per month.

█ An award of support must be considered in light of the supporting spouse's needs and ability to pay. *Weir v. Weir,* 374 N.W.2d 858, 865 (N.D.1985); *Larson v. Larson,* 234 N.W.2d 861, 865 (N.D.1975); *Hoster v. Hoster,* 216 N.W.2d 698, 702 (N.D.1974). In reviewing the propriety of the trial court's award of spousal support, we have repeatedly stated that a trial court's determination as to spousal support is treated as a finding of fact and will not be set aside on appeal unless clearly erroneous. *DeVore v. DeVore,* 393 N.W.2d 739, 740 (N.D.1986); *Oviatt v. Oviatt,* 355 N.W.2d 825, 827 (N.D.1984); *Jondahl v. Jondahl,* 344 N.W.2d 63, 67 (N.D.1984). Also a determination on child support is treated as a finding of fact and will not be reversed on appeal unless clearly erroneous. *Bagan v. Bagan,* 382 N.W.2d 645, 646 (N.D.1986); *Schmidt v. Schmidt,* 325 N.W.2d 230, 233 (N.D.1982). A finding of fact is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been made. *DeVore v. DeVore, supra; Routledge v. Routledge,* 377 N.W.2d 542, 544 (N.D. 1985).

█ In the instant case, Robert's current monthly income is approximately $1900.00 while Mary's current income is approximately $800.00 per month. In determining the amount of spousal and child support, the trial court made the following findings of fact:

"SUPPORT:

"16. Both parties are working and capable of supporting the child of the parties, however the defendant's income is significantly larger than the plaintiffs, the plaintiff having been given custody of the child the court finds that the father is capable of paying child support and finds that a reasonable payment based upon his income and other factors is $350.00 per month. That payment to begin and to be paid no later than the 5th day of each month beginning with November 5, 1987 and to continue until the child reaches the age of 18 years or further order of the court. In arriving at this amount the court has considered the income of the defendant, the cost of babysitting services and future clothing, school costs and other costs of child rearing.

\*　　\*　　\*　　\*　　\*　　\*

"SPOUSAL SUPPORT:

"20. The wife is the disadvantaged spouse in this case. The court concludes that the wife is in need of rehabilitative spousal support which the court orders to be paid at the rate of $200.00 per month beginning on or before the 5th of November 1987 and to continue for 24 months. This award is based upon two factors: first, the disparate liquidity for the immediate future and second the disparate earning capacity of the parties."

Thus, in determining the amount of spousal and child support, it appears that the trial court did consider Robert's needs and ability to pay.

Accordingly, after a careful review of the record, we are not left with a definite and firm conviction that a mistake has been made. We therefore conclude that the trial court's determinations on spousal and child support are not clearly erroneous.

Robert also argues that the trial court erred in granting the income tax dependency exemption to Mary.

The general rule entitling the custodial parent to the income tax exemption for dependent children is set forth in 26 U.S.C.

A. § 152(e) (West Supp.1988)[1] which provides in part as follows:

"(e) Support test in case of child of divorced parents, etc.—

(1) Custodial parent gets exemption.— Except as otherwise provided in this subsection, if—

(A) a child (as defined in section 151(c)(3)) receives over half of his support during the calendar year from his parents—

(i) who are divorced or legally separated under a decree of divorce or separate maintenance,

(ii) who are separated under a written separation agreement, or

(iii) who live apart at all times during the last 6 months of the calendar year, and

(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,

such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the 'custodial parent').

(2) Exception where custodial parent releases claim to exemption for the year. —A child of parents described in paragraph (1) shall be treated as having received over half of his support during a calendar year from the noncustodial parent if—

(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a de-

pendent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

"For purposes of this subsection, the term 'noncustodial parent' means the parent who is not the custodial parent."

Thus, a dependency exemption is provided for the custodial parent of a child of divorced or separated parents. 26 U.S.C.A. § 152(e). The income tax dependency exemption is automatically allocated to the custodial parent unless that parent expressly waives in writing his or her claim to the exemption for the particular tax year in question. 26 U.S.C.A. § 152(e).

In determining whether or not the trial court erred in not granting the income tax dependency exemption to Robert, we must first determine whether or not the trial court has the authority to allocate the income tax dependency exemption.

Several states have found that state district courts have authority to order the custodial parent to execute consent forms assigning the federal income tax dependency exemption to the noncustodial parent. *See Pergolski v. Pergolski*, 143 Wis.2d 166, 420 N.W.2d 414, 417 (Ct.App.1988); *Cross v. Cross*, 363 S.E.2d 449, 456–460 (W.Va. 1987); *Lincoln v. Lincoln*, 155 Ariz. 272, 746 P.2d 13, 16–17 (Ct.App.1987); *Fudenberg v. Molstad*, 390 N.W.2d 19, 20–21 (Minn.Ct.App.1986); *but see Lorenz v. Lorenz*, 166 Mich.App. 58, 419 N.W.2d 770, 771 (1988) (the amendment of 26 U.S.C. § 152(e) by the Tax Reform Act of 1984 divested state courts of jurisdiction over

---

**1.** Section 152(e) was amended by the Tax Reform Act of 1984. The reasons given for the change are as follows:

"The present rules governing the allocations of the dependency exemption are often subjective and present difficult problems of proof and substantiation. The Internal Revenue Service becomes involved in many disputes between parents who both claim the dependency exemption based on providing support over the applicable thresholds. The cost to the parties and the Government to resolve

these disputes is relatively high and the Government generally has little tax revenue at stake in the outcome. The committee wishes to provide more certainty by allowing the custodial spouse the exemption unless that spouse waives his or her right to claim the exemption. Thus, dependency disputes between parents will be resolved without the involvement of the Internal Revenue Service." H.R. No. 432, Part II, 98th Cong., 2d Sess., *reprinted in* 1984 U.S. Code Cong. and Ad. News 697, 1140.

allocation of the income tax dependency exemption).

In *Fudenberg v. Molstad, supra,* the trial court's authority to allocate the federal income tax dependency exemption was upheld because "[s]tate court allocation of the exemption does not interfere with Congressional intent. It does not involve the IRS in factfinding determinations. State court involvement has no impact on the IRS. Thus, allocation of the exemption is permissible." Similarly, in *Pergolski v. Pergolski, supra,* the Wisconsin Court of Appeals concluded that state court allocation of the exemption has no impact on the IRS and therefore the trial court has the authority to order execution of consent forms assigning the income tax dependency exemption to the noncustodial parent.

■ We conclude that allocation of the income tax dependency exemption by the trial court is permissible. While we believe the trial court has authority to order the custodial parent to execute consent forms assigning the income tax dependency exemption to the noncustodial parent, we do not believe the judge's decision in the instant case to allow Mary, the custodial parent, to retain the income tax dependency exemption was in error.

Robert next argues that the trial court erred in the distribution of the real and personal property of the parties. Robert asserts that the trial court, in dividing the marital property, failed to consider the source of the property in arriving at an equitable distribution.

The trial court's determination on matters of property division are treated as findings of fact and will not be set aside on appeal unless clearly erroneous. *Routledge v. Routledge, supra; Jondahl v. Jondahl, supra.*

■ The trial court is required to make an equitable distribution of the parties' real and personal property. Section 14–05–24, N.D.C.C. In making an equitable distribution of property in a divorce case, trial courts consider all of the real and personal property of both parties, regardless of the source. *Schmidt v. Schmidt,* 325 N.W.2d 230, 233 (N.D.1982). Circumstances of inheritance, gift, or premarital acquisition are factors to be considered under the Ruff–Fischer guidelines [*Ruff v. Ruff,* 78 N.D. 775, 52 N.W.2d 107 (1952); *Fischer v. Fischer,* 139 N.W.2d 845 (N.D.1966)], but are not rules of law which prevent equitable distribution of marital property. *Schmidt v. Schmidt, supra.*

After a careful review of the record, we are not left with a definite and firm conviction that the trial court made a mistake in dividing the property. Accordingly, we conclude that the trial court's determinations on property division are not clearly erroneous.

■ Finally, Robert argues that the trial court erred in delaying partial payment of the award of property by not allowing him interest on the amount due and by not allowing him any effective means of enforcement.

The trial court, in distributing the property, awarded Robert the sum of $30,279.50 to be paid by Mary not earlier than December 1, 1989 and not later than December 1, 1990. The trial court stated that no interest is awarded on the amount due. Further, the trial court stated that the amount due is not a judgment against the home nor is it a money judgment against Mary personally. However, the trial court stated that if the amount due is not paid on or before December 1, 1990, then it becomes a money judgment in favor of Robert.

Robert claims that, after considering present value calculations on the property which is being delayed in distribution, there is not an equal distribution unless interest is allowed on the amount due.

■ While the trial court is required by Section 14–05–24 of the North Dakota Century Code, to make an equitable distribution of property, there is no requirement that the property distribution must be equal in order to be equitable. *Volk v. Volk,* 376 N.W.2d 16, 18 (N.D.1985); *Hoge v. Hoge,* 281 N.W.2d 557, 561 (N.D.1979).

Under the facts and circumstances of this case, we do not believe it was clearly erroneous for the trial court to not allow

interest on the amount due from the property distribution.

Robert also claims that the award of property by the trial court was clearly erroneous because the manner of the award may be unenforceable. Robert asserts that even though he becomes a judgment creditor if the amount due is not paid by December 1, 1990, he still may not be able to enforce the award because Mary would be entitled to claim the exemptions provided in Chapter 28–22 of the North Dakota Century Code.[2] Accordingly, Robert maintains that Mary could claim as exempt from judicial process the property distribution including the home under the homestead exemption.[3]

The powers of a trial court to enforce payments due upon divorce is set forth in Section 14–05–25 of the North Dakota Century Code which provides in part as follows:

"The court may require either party to give reasonable security for providing maintenance or making any payments required under the provisions of this chapter, and may enforce the same by appointment of a receiver or by any other remedy applicable to the case."

Thus, the trial court is authorized to employ any remedy applicable to the case to enforce payments of property distribution.

It appears that Robert did not present to the trial court the issue of whether or not to provide reasonable security for the award of property. Accordingly, we remand to the trial court to determine the appropriateness of providing reasonable security on the obligation.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

---

2. Section 28–22–01, N.D.C.C., provides as follows:

"28–22–01. Property exempt from all process. Except as otherwise provided, the property mentioned in this chapter is exempt to the head of a family, as defined by section 28–22–01.1, from attachment or mesne process and from levy and sale upon execution and from any other final process issued from any court."

3. Section 28–22–02, N.D.C.C., provides as follows:

"28–22–02. Absolute exemption. The property mentioned in this section is absolutely exempt from all process, levy, or sale:

1. All family pictures.
2. A pew or other sitting in any house of worship.
3. A lot or lots in any burial ground.
4. The family Bible and all schoolbooks used by the family and all other books used as a part of the family library not exceeding in value one hundred dollars.
5. All wearing apparel and clothing of the debtor and his family.

6. The provisions for the debtor and the debtor's family necessary for one year's supply, either provided or growing, or both, and fuel necessary for one year.
7. The homestead as created, defined, and limited by law.
8. All crops and grain, both threshed and unthreshed, raised by the debtor on not to exceed one hundred sixty acres [64.75 hectares] of land in one tract occupied by the debtor, either as owner or tenant, as the debtor's home, but the provisions of this subsection in no way affect seed, thresher, or landlord liens, and if the debtor takes advantage of this subsection the debtor may not take any additional alternative exemptions provided under this chapter.
9. All insurance benefits resulting from insurance covering any or all of the absolute exemptions.
10. Any housetrailer or mobile home occupied as a residence by the debtor or the debtor's family, except that it is not exempt from process, levy, or sale for taxes levied on it pursuant to chapter 57–55."