**Gary McKENZIE, Plaintiff
and Appellant,**

v.

**Carol JAHNKE, f/k/a Carol McKenzie,
Defendant and Appellee.**

Civ. No. 880185.

Supreme Court of North Dakota.

Dec. 6, 1988.

William Kirschner & Associates, Fargo, for plaintiff and appellant; argued by William Kirschner.

Garaas Law Firm, Fargo, for defendant and appellee. Submitted on brief by Jonathan T. Garaas.

GIERKE, Justice.

This is an appeal by Gary McKenzie from a district court order dated May 3, 1988, which denied his motion for modification of the divorce decree entered February 9, 1984. We reverse and remand.

On January 6, 1984, Gary McKenzie (Gary) and Carol Jahnke, formerly known as Carol McKenzie (Carol), were divorced pursuant to an oral in-court stipulation. Carol was awarded custody of the three minor children and Gary was required to pay as child support $225.00 per month for each child. The stipulated divorce decree contained no provision allocating the income tax dependency exemptions for the minor children.

For the 1983 tax year, Gary and Carol filed joint tax returns. For the 1984 through 1986 tax years, Carol allowed Gary to claim the exemptions for the children by executing the necessary waivers. However, for the 1987 tax year Carol refused to execute such waivers unless Gary paid her $900.00 compensation.

On March 17, 1988, Gary filed a motion for modification seeking to modify the divorce decree to give him the right to claim the minor children as his dependents for purposes of claiming the exemptions on his Federal and state income tax returns. Carol opposed the motion. On May 3, 1988, the district court issued its order which denied Gary's motion for modification. Gary filed an appeal from the order on June 16, 1988.

The dispositive issue on appeal is whether or not the amendment of 26 U.S.C. Section 152(e) by the Tax Reform Act of 1984, which created the presumption that the custodial parent was entitled to the income tax dependency exemptions, divested state courts of jurisdiction to award in their discretion the income tax dependency exemptions to the non-custodial parent.

Gary contends that the trial court, in denying his motion for modification of the

original decree of divorce, erred in its determination that state courts do not have the authority to allocate the income tax dependency exemption to the non-custodial parent.[1]

The Tax Reform Act of 1984 amended 26 U.S.C. Section 152(e) and provided that a custodial parent is entitled to the income tax dependency exemption and the non-custodial parent can qualify for the exemption only if the custodial parent signs a written waiver that he or she will not claim the child as a dependent for the particular tax year in question.[2]

Recently, this Court held in *Fleck v. Fleck*, 427 N.W.2d 355, 359 (N.D.1988), that the allocation of the income tax dependency exemption by the trial court is permissible and that the trial court has the authority to order the custodial parent to execute waiver forms assigning the income tax depend-

ency exemption to the non-custodial parent.[3]

We conclude in light of our holding in *Fleck v. Fleck, supra*, that the trial court erred in its determination that it lacked the power to allocate the income tax dependency exemption by requiring the custodial parent to execute the necessary waiver to permit the non-custodial parent to claim the dependency exemptions.

Accordingly, the order of the trial court is reversed and the case is remanded to allow the trial court to exercise its discretion in determining whether or not Gary should be allocated the income tax dependency exemptions.

ERICKSTAD, C.J., and MESCHKE and VANDE WALLE, JJ., concur.

LEVINE, Justice, concurring specially.

In *Fleck v. Fleck*, 427 N.W.2d 355, 359 (N.D.1988), we held that the trial court may

---

1. Gary also raised in this appeal the issue of whether or not there was sufficient justification for modification of the original divorce decree. Because the trial court determined it lacked the authority to allocate the income tax dependency exemption, there was no determination made by the trial court as to whether or not the 1984 statutory changes to the Federal income tax code constituted sufficient justification for modification of the divorce decree. Therefore, we need not address that issue at this time.

2. The current provisions entitling the custodial parent to the dependency exemption is set forth in 26 U.S.C.A. § 152(e) (West Supp.1988) which provides in part as follows:
   "(e) Support test in case of child of divorced parents, etc.—
   (1) Custodial parent gets exemption.—Except as otherwise provided in this subsection, if—
   (A) a child (as defined in section 151(c)(3)) receives over half of his support during the calendar year from his parents—
   (i) who are divorced or legally separated under a decree of divorce or separate maintenance,
   (ii) who are separated under a written separation agreement, or
   (iii) who live apart at all times during the last 6 months of the calendar year, and
   (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,
   such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the

   parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the 'custodial parent').
   (2) Exception where custodial parent releases claim to exemption for the year.—A child of parents described in paragraph (1) shall be treated as having received over half of his support during a calendar year from the noncustodial parent if—
   (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and
   (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.
   "For purposes of this subsection, the term 'noncustodial parent' means the parent who is not the custodial parent."

3. While other state courts interpreting 26 U.S.C. § 152(e) (West Supp.1988) have determined that they do not have the authority to award the income tax dependency exemption to the non-custodial parent, [see, *Lorenz v. Lorenz*, 166 Mich.App. 58, 419 N.W.2d 770, 771 (1988); *Fullmer v. Fullmer*, 761 P.2d 942, 950 (Utah App. 1988) ], in *Fleck v. Fleck*, 427 N.W.2d 355, 357–359 (N.D.1988), we agreed with the courts that have concluded they have authority to allocate the income tax dependency exemption. *See also Lincoln v. Lincoln*, 155 Ariz. 272, 746 P.2d 13, 17 (App.1987); *Cross v. Cross*, 363 S.E.2d 449, 459 (W.Va.1987).

allocate the income tax dependency exemption and may order the custodial parent to execute waiver forms. *Fleck* was an appeal from a divorce judgment. The instant case involves a modification of a divorce judgment. I agree that the trial court has the authority to modify a divorce judgment by including a provision covering the dependency exemption. This is so because the exemption is so clearly aligned with child support and custody, that it is properly considered to be support rather than property and is, therefore, under traditional analysis, subject to modification. *See In re Marriage of Lovetinsky,* 418 N.W.2d 88, 90 (Iowa Ct.App.1987) (tax exemption is part of child support issue); *Tapman v. Tapman,* 544 A.2d 1265, 1267 (Me.1988) (income tax exemption is noncash support issue); *Fudenberg v. Molstad,* 390 N.W.2d 19, 21 (Minn.Ct.App.1986) (awarding tax exemption will increase income to which support guidelines apply); *Niederkorn v. Niederkorn,* 616 S.W.2d 529, 533 (Mo.Ct. App.1981) (tax exemption award is nearly identical in nature to an order that the other party pay a sum equal to the value of the exemption as child support); *Cross v. Cross,* 363 S.E.2d 449, 459 (W.Va.1987) (circuit court may allocate dependency exemption for tax purposes as part of decision about child support awards). *But see Hughes v. Hughes,* 35 Ohio St.3d 165, 518 N.E.2d 1213, 1216 (1988) (dependency exemption may be awarded as part of marital property in divorce proceeding). It remains for the trial court to decide whether there has been a change of circumstances sufficient to warrant modification.

I therefore concur in the majority opinion.