**Alma B. HALVORSON, Plaintiff and Appellee,**

v.

**Glenn B. HALVORSON, Defendant and Appellant.**

**Civ. No. 910137.**

Supreme Court of North Dakota.

March 31, 1992.

Mervin D. Nordeng, Wegner, Fraase, Nordeng, Johnson & Ramstad, Fargo, for plaintiff and appellee.

Thomas D. Kelsch, Kelsch, Kelsch, Ruff & Austin, Mandan, for defendant and appellant.

VANDE WALLE, Justice.

Glenn Halvorson appealed from a divorce judgment, challenging the distribution of property. We are not convinced a mistake has been made and we therefore affirm.

Glenn and Alma Halvorson were married in 1939. During the 50–year marriage, they acquired a considerable amount of farmland in Richland County. The marriage gradually deteriorated, and Alma brought this divorce action.

The trial court awarded to each party the personal property and vehicles in that party's possession. Each party also received various parcels of land. The court also charged Glenn with the value of marital assets that he had transferred without Alma's consent. Finally, the court ordered Glenn to pay Alma $20,000 in twenty annual payments, with ten percent interest.

Glenn asserts that the trial court erred in awarding him property which had been transferred prior to the divorce and which therefore was not part of the marital estate. Glenn argues that, pursuant to Section 14–05–24, N.D.C.C., only property owned by the parties can be distributed upon divorce.

The property at issue is cattle, machinery, and 40 acres of land that Glenn transferred to the parties' son, Jerome. The trial court found that these assets were transferred without consideration, without Alma's consent, and against Alma's desire to treat all of the children equally. The court specifically found that Glenn's transfer of the property resulted in dissipation of marital assets and constituted economic fault.

Contrary to Glenn's assertions, the trial court did not effectively *award* him this property; rather, the court *charged* the value of the transferred assets, $92,200, to his share of the property division. The effect of the court's action was to award Alma an additional $92,200 from the remaining property to offset Glenn's dissipation of assets.

The relevant finding of fact states that the court "awards this property to [Glenn] and charges [Glenn] with these amounts in dividing up the property." The trial court's memorandum opinion may be used to clarify and explain its findings of fact and conclusions of law. *E.g., Peterson Mechanical, Inc. v. Nereson*, 466 N.W.2d 568 (N.D.1991); *Stillwell v. Cincinnati Inc.*, 336 N.W.2d 618 (N.D.1983). Any confusion created by the finding is clarified by the memorandum opinion, wherein the trial court unambiguously stated that it would "allocate the value" of the farm machinery, cattle, and 40 acres to Glenn.

The court obviously could not and did not intend to actually "award" this property to Glenn. The court included the value of these assets with Glenn's share of the property because he dissipated those assets. This was an appropriate method of

reaching an equitable property division in light of Glenn's economic fault.

Glenn next asserts that the trial court erred in finding economic and non-economic fault. The trial court's determination of fault is a finding of fact which will not be set aside on appeal unless it is clearly erroneous. Rule 52(a), N.D.R.Civ. P.; *Routledge v. Routledge,* 377 N.W.2d 542 (N.D.1985); *Fleck v. Fleck,* 337 N.W.2d 786 (N.D.1983). The complaining party bears the burden of demonstrating that a finding is erroneous. *Branson v. Branson,* 411 N.W.2d 395 (N.D.1987). A finding of fact is clearly erroneous only if there is no evidence to support it or if we are left with a definite and firm conviction that a mistake has been made. *E.g., Freed v. Freed,* 454 N.W.2d 516 (N.D.1990).

It appears that many of the parties' problems stemmed from disagreements between two factions in the family: Glenn and Jerome on one side, and the parties' two other sons, Ron and Al, on the other side. The court's finding of economic fault is based upon Glenn's transfer of 40 acres of land and all of the parties' cattle and machinery to Jerome without consideration.

The record also demonstrates that Glenn drank to excess; came home late at night; left for days or weeks at a time with no explanation; denied Alma use of family vehicles; was extremely difficult to get along with; and was excessively rude and inconsiderate to Alma. The court specifically found that Glenn's misconduct caused the divorce.

We have reviewed the record and we are not left with a definite and firm conviction that a mistake has been made. Accordingly, the court's finding of economic and non-economic fault is not clearly erroneous.

Glenn asserts that the trial court's division of property is not equitable. Glenn argues that he was entitled to a greater percentage of the marital assets, and that he should be permitted to purchase Alma's share of the real estate.

In dividing marital property, the trial court is to make an equitable distribution of the assets. *Bader v. Bader,* 448 N.W.2d 187 (N.D.1989). There is no requirement that the property be divided equally, but any substantial inequality should be explained. *Bader v. Bader, supra.* The trial court is not bound by any rigid formula, and there is no rule that each spouse must receive a certain percentage of the marital assets. *Morales v. Morales,* 402 N.W.2d 322 (N.D.1987). The trial court's determinations on matters of property division are findings of fact subject to the "clearly erroneous" standard of Rule 52(a), N.D.R.Civ.P. *Freed v. Freed, supra.*

A majority of this court has held that fault, whether economic or non-economic, is a relevant factor in division of marital property. *Bader v. Bader, supra; Behm v. Behm,* 427 N.W.2d 332 (N.D. 1988). A party's dissipation of marital assets is a particularly relevant factor in arriving at an equitable distribution of the property. *Erickson v. Erickson,* 384 N.W.2d 659 (N.D.1986) [Levine, J., concurring specially].

The trial court awarded Alma personal property, a vehicle, two small bank accounts, and land, for a total value of $327,310. The court awarded Glenn personal property, vehicles, land, and the allocated value of the dissipated property, for a total value of $333,591. The court also ordered Glenn to pay Alma $20,000 over twenty years with ten percent interest.

Glenn attempts to portray these figures in a manner that would demonstrate a vast disparity in the amount of property awarded to the respective parties. However, the property was essentially divided equally except for the $20,000 and the "allocated value" awarded to Glenn for the assets he transferred without Alma's consent. The trial court has adequately explained those disparities. The allocation of value of dissipated assets is to offset the improper disposition of those assets by Glenn. The trial court explained that the $20,000 was to "compensate [Alma] as to the property distribution and because of fault on the part of [Glenn]."

It is not the function of an appellate court to substitute its judgment for that of the trial court on resolution of disputed factual issues. *Ness v. Ness,* 467

N.W.2d 716 (N.D.1991); *Gegelman v. Gegelman*, 342 N.W.2d 404 (N.D.1984). We conclude that the trial court's findings of fact on property division are not clearly erroneous.

■ Glenn also challenges the trial court's finding of fact on the value of two bank accounts awarded to Alma. Alma testified on direct examination that one account contained "about $10,000." On cross-examination she clarified that the account contained "more than $15,000," but not more than $20,000. She also testified that there was "$1,050 or something" in a second account. The trial court valued the two accounts at "approximately $13,000.00" and awarded them to Alma.

■ A relatively insignificant error in valuation of a marital asset will not, standing alone, constitute sufficient grounds for reversal of the judgment. *See Dick v. Dick*, 414 N.W.2d 288 (N.D.1987). Assuming that the court erred in its valuation, it was de minimis and an insignificant error that does not justify reversal in a case involving a marital estate of over $600,000.

Alma asserts that Glenn's appeal is frivolous, and she seeks attorney's fees pursuant to Rule 38, N.D.R.App.P. Although we do not reverse, the appeal is not frivolous.

The judgment of the district court is affirmed.

ERICKSTAD, C.J., LEVINE and MESCHKE, and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting due to the disqualification of GIERKE, J., a member of this Court when this case was heard.

JOHNSON, J., not being a member of this Court at the time this case was heard, did not participate in this decision.