JoAnne ANDERSON, Plaintiff and Appellee,

v.

Larry ANDERSON, Defendant and Appellant.

Civ. No. 930049.

Supreme Court of North Dakota.

Aug. 10, 1993.

---

Mary E. Seaworth of Howe & Seaworth, Grand Forks, for plaintiff and appellee; appearance by JoAnne Anderson.

Ella Van Berkom, Minot, for defendant and appellant.

VANDE WALLE, Chief Justice.

Larry Anderson appealed from a judgment granting JoAnne Anderson a divorce, distributing the marital assets and awarding JoAnne alimony. We affirm.

Larry alleges on appeal that the trial court erred in (1) the distribution of marital assets; (2) in granting alimony to JoAnne; and (3) in valuing Larry's military retirement at a present value of $108,000.00.

■ The distribution of the marital property and the granting of alimony are, on review by this Court, governed by Rule 52(a), NDRCivP, and treated as findings of fact subject to the "clearly erroneous" standard of review. *E.g. Halvorson v. Halvorson*, 482 N.W.2d 869 (N.D.1992); *Freed v. Freed*, 454 N.W.2d 516 (N.D.1990). We have reviewed the record and the trial court's findings and, because those findings are not clearly erroneous, we affirm the trial court.

■ The value of Larry's National Guard retirement is also an issue of fact subject to Rule 52(a) NDRCivP.[1] *Morales v. Morales*, 402 N.W.2d 322 (N.D.1987). A determination of the value is necessarily dependent upon the evidence presented to the court by the parties. *Delorey v. Delorey*, 357 N.W.2d 488, 491 (N.D.1984) [VandeWalle, J., concurring specially]. Here, Larry testified that his military retirement had no value until he reached 60 years of age. He was 45 years of age at the time of trial. JoAnne introduced evidence that the retirement had a value of

---

1. The issue of the valuation of the military retirement is significant to the broader issue of the distribution of all the marital assets, for the trial court determined that:

    "While in other circumstances the Court would have awarded part of Larry's retirement benefits to JoAnne, it is not possible to make an award of the real property JoAnne has requested in addition to an award of part of the retirement benefits and still achieve a distribution that is fair and equitable, based upon the facts in this case. Because of the strong preference voiced by JoAnne to retain ownership of the land which her family had owned, the Court has elected to award farmland in lieu of retirement benefits."

    If the trial court's valuation of the retirement awarded to Larry is too high, presumably he did not receive an equitable share of the total marital estate.

$108,000.00. That evidence appears to be a computation of the value of the retirement plan at the time Larry would reach age 60 without discounting it to present value. The trial court found:

> "The eventual value of Larry's military retirement is uncertain, but will certainly exceed $675 per month. Thus, multiplying $675 per month times Larry's life expectancy at age 60, with no reduction for present value, is a rough but fair way to approximate the present value of Larry's retirement. This yields a present approximate value of $108,000."

■ This finding appears internally inconsistent, i.e., that the value at age 60 with no reduction for present value roughly approximates the present value of the retirement. We have held that failure to discount to present value cash payments without interest, awarded as part of a property distribution, is reversible error. *Sateren v. Sateren,* 488 N.W.2d 631 (N.D. 1992). Furthermore, the trial court has an affirmative duty to determine the value of the marital estate and distribute the property of the parties equitably. NDCC § 14–05–24; *Delorey, supra* at 492 (VandeWalle, J., concurring specially).

Here, unlike *Delorey,* evidence was presented as to the value of Larry's retirement. JoAnne's method of valuing the military retirement is questionable. On the other hand, the trial court found that "[t]he credibility of much of Larry's testimony is doubtful."

■ We do not approve or condone of the trial court's method of evaluation of the military retirement.[2] But, under these circumstances, where the trial court was faced with choosing between Larry's incredible testimony as to value and JoAnne's method of valuing the retirement, we do not conclude that the trial court's valuation of Larry's retirement constitutes reversible error. Although legitimate differences of opinion may exist as to the value of the military retirement, Larry's opinion that the retirement was of "no value" is not legitimate. He made no effort to introduce evidence of the present value of the retirement. We will not permit a party to take advantage of his duplicity at the trial court level to urge error on appeal. *C.f. First Nat. Bank of Fargo v. Ketcham,* 336 N.W.2d 140 (N.D.1983) [one cannot claim benefit of a more favorable version of relevant facts than he has made for himself].

The judgment of the trial court is affirmed.

SANDSTROM and MESCHKE, JJ., and RALPH J. ERICKSTAD, Surrogate Judge, concur.

LEVINE, J., concurs in the result.

RALPH J. ERICKSTAD, Surrogate Judge, sitting in place of NEUMANN, J., disqualified.

---

**2.** If the trial court awarded JoAnne a portion of the military retirement, it may have used the *Bullock* formula [*Bullock v. Bullock,* 354 N.W.2d 904 (N.D.1984) ] in which the number of years of the marriage during which the pension was earned is divided by the number of total years in earning the pension and multiplied by one-half the retiree's benefit at retirement. The application of the *Bullock* formula would have foreclosed any need to determine the present value of the retirement. However, we have held that the *Bullock* formula is not the only method of evaluating and distributing military retirement as a part of the marital estate. *Morales v. Morales,* 402 N.W.2d 322 (N.D.1987).