In the Matter of the ESTATE OF
Albert F. HANSEN, Deceased,

William R. MILLS, Claimant
and Appellant,

v.

Thomas M. DISSELHORST, Thomas
W. Asbridge, Percy Fibelstad,
Lloyd Stewart, Appellees.

Civ. No. 920322.

Supreme Court of North Dakota.

Nov. 10, 1993.

Richard B. Baer (argued), Bismarck, for claimant and appellant.

Thomas M. Disselhorst (argued), Bismarck, for appellees Percy Fibelstad, Thom-

as W. Asbridge, and himself. Appearance by Thomas W. Asbridge.

Chapman and Chapman, Bismarck, for appellee Lloyd Stewart; argued by Charles L. Chapman.

MESCHKE, Justice.

William Mills appeals from an order approving the amended final account for Albert Hansen's estate. We conclude that the trial court did not abuse its discretion in allowing reasonable administration fees and expenses, and we affirm.

Albert Hansen died testate on September 16, 1987. Mills obtained an approved claim against the estate of almost $90,000 for the value of cattle cared for, but misappropriated, by Hansen. Mills' allowed claim represents over seventy percent of unpaid claims, but funds remaining in the estate are far from enough to satisfy unpaid claims.

Mills is an unsecured claimant. Administration expenses have priority over unsecured creditors' claims.

> If the applicable assets of the estate are insufficient to pay all claims in full, the personal representative shall make payment in the following order:
>
> a. Costs and expenses of administration.
>
> ....
>
> f. All other claims.

NDCC 30.1–19–05(1). This priority for administration expenses brought Mills into conflict with the attorney for the personal representative and with agents of the estate.

At Mills' request, the trial court ordered former employees of the estate to show cause why they should not return part of their compensation received from the estate. The reasonableness of the compensation of any person employed by a personal representative can be reviewed, and the court can order any person who receives excessive compensation from the estate to make appropriate refunds. NDCC 30.1–18–21. The court concluded that Lloyd Stewart had a valid agister's lien for care of cattle, but that compensation paid to Thomas Disselhorst, Thomas Asbridge, and Percy Fibelstad was excessive. For the three, the trial court reduced allowable hours and recomputed the reasonable fees that they should receive. The trial court ordered some funds returned to the estate. Later, after reconsideration, the court modified the computations somewhat and decreased the amounts Asbridge and Fibelstad must return to the estate.

On appeal, Mills claims that the trial court's determinations of reasonable fees were unreasonable and that more funds should have been returned to the estate. We disagree.

The trial court's computation of reasonable fees will not be overturned absent a clear abuse of discretion. *Matter of Estate of Ridl*, 455 N.W.2d 188, 194 (N.D.1990). Mills made no effort to introduce evidence to dispute the value of the work performed for the estate. *Anderson v. Anderson*, 504 N.W.2d 569, 571 (N.D.1993). In this case, the trial court applied appropriate factors and made reasonable allowances.

We affirm the order approving the final account.

VANDE WALLE, C.J., and LEVINE, NEUMANN and SANDSTROM, JJ., concur.