Marian GEIGLE, Plaintiff and Appellant,

v.

Otto GEIGLE, Defendant and Appellee.

Civ. No. 9415–A.

Supreme Court of North Dakota.

June 20, 1980.

Rehearing Denied July 17, 1980.

Mills & Moore, Bismarck, for plaintiff and appellant; argued by William R. Mills, Bismarck.

Otto Geigle, for defendant and appellee, pro se.

PAULSON, Justice.

Marian Geigle appeals from a December 6, 1979, judgment of the Burleigh County District Court. We affirm.

Marian and Otto Geigle were granted a divorce by the Burleigh County District Court in a judgment dated March 23, 1977. In that judgment Marian was awarded the care, custody, and control of the minor children of the parties. Certain household goods were specifically awarded to each of the parties. Marian received the parties' 1972 Oldsmobile and Otto was awarded their pickup truck. The court ordered that all other property of the parties be sold, including cattle, farm machinery, and real property. The court further ordered that after the sale of the assets of the parties, the proceeds should be used to pay all debts of the parties and the remainder split equally between Marian and Otto.

In the findings of fact and conclusions of law which accompany the March 23, 1977, judgment, the court found that Marian had contributed her time and energies in the pursuit of the livelihood of the parties and awarded the divorce to Marian on the ground of irreconcilable differences. Since the date of the March 23, 1977, judgment in this action, the parties have been unable to finally settle the property division in accordance with the judgment.

This is the third appeal which has been brought to this court since the judgment of divorce was entered between Marian and Otto. In the first appeal we held that a district court order approving the sale of real estate was a final order affecting a substantial right made in a special proceeding after judgment and was, therefore, appealable. *Geigle v. Geigle*, 261 N.W.2d 399 (N.D.1977). In the second appeal, we set aside the order approving the sale of real estate and remanded for a judicial sale conducted in a manner likely to secure the best possible price for the parties' real property.

*Geigle v. Geigle*, 264 N.W.2d 888 (N.D.1978). In that second appeal, in *Geigle, supra* 264 N.W.2d at 892, we said:

"In the event that it is decided that the attorneys cannot work together harmoniously to accomplish this objective [readvertising, rebidding, and resale], a receiver should be appointed by the district court to do so."

Upon remand, a receiver, D. W. Knudson, was appointed and the property was sold at a price of $165 per acre to Otto, an increase in price of $64 per acre from the previous selling price of $101 per acre. Counsel for Marian has conceded that the sale of real estate is satisfactory and has not raised that as an issue in the instant appeal.

Marian has raised the following three issues on this appeal.

(1) Whether or not the district court erred in finding that the rental value of Marian's one-half interest in the farm was $2,000—$1,000 for 1977, and $1,000 for 1978.

(2) Whether or not the district court erred in determining that the sale of the joint property had been properly made, accounted for, and distributed.

(3) Whether or not the district court erred in making the collection of arrearages for child support contingent upon waiving an appeal of the farm rent decision.

As hereinbefore mentioned, this appeal was taken from the December 6, 1979, judgment of the Burleigh County District Court. The pertinent portions of that judgment are as follows:

"NOW THEREFORE, it is,

"ADJUDGED, DETERMINED AND DECREED

"1. The Plaintiff Marian Geigle has judgment against Defendant Otto Geigle for $4,250.00 being the amount of arrearages due as of June 1st, 1979.

"2. The Plaintiff Marian Geigle has judgment against Defendant Otto Geigle for $2,000.00, being $1,000.00 per year for farm rental for the years 1977 and 1978.

"3. The Clerk of Court is holding $3,256.31 for the credit of Otto Geigle and may be disbursed as follows:

"$2,000.00 to Marian Geigle for reasonable rental value and $1,256.31 toward the arrearages.

"4. The Clerk is authorized to release the money to the Plaintiff upon expiration of the time for appeal or upon both sides expressly waiving their right to appeal.

"Dated at Bismarck, North Dakota this 6th day of December, 1979."

No findings of fact were made, and we are left with a short six-paragraph memorandum decision to analyze in determining the correctness of the December 6, 1979, judgment. The district court found that no applications were made for lease or rental of the farm property and that no agreement was reached by the parties as to terms for the use of the property. In the district court's June 18, 1979, memorandum decision, it states:

"Both sides have been remiss in this case in failing to properly handle this area during periods of appeal and general litigation."

We have thoroughly examined the record and find that it supports the decision of the trial court in every respect, as we shall elaborate upon further. "One of the problems" in this case (to borrow a term from Marian's counsel) has been the inability or refusal of the parties and their attorneys[1] to work out a harmonious resolution of these disputes. It is essential that these parties recognize the necessity for resolution of these disputes and an end to litigation. As we have indicated in other opinions, "Let this be it". *Matter of Estates of Kjorvestad*, 287 N.W.2d 465, 467 (N.D.1980); *City of Wahpeton v. Drake-Henne, Inc.*, 228 N.W.2d 324 (N.D.1975).

Our standard of review in this case is governed by Rule 52(a) of the North Dakota

---

1. Otto Geigle has handled this appeal *pro se*, having discharged his attorney pursuant to a letter dated January 31, 1980, and his attorney's motion to withdraw as counsel dated March 11, 1980.

Rules of Civil Procedure. We quote the following from *Nastrom v. Nastrom*, 284 N.W.2d 576, 580 (N.D.1979):

"This court has said many times in the past that the trial court's determination on matters of alimony and property division are treated as findings of fact. *Haugeberg v. Haugeberg*, 258 N.W.2d 657 (N.D.1977); *Kostelecky v. Kostelecky*, 251 N.W.2d 400 (N.D.1977); *Larson v. Larson*, 234 N.W.2d 861 (N.D.1975). The findings of the trial court on these matters will not be set aside unless they are clearly erroneous. Rule 52(a), N.D.R. Civ.P. A particular finding of fact is clearly erroneous when, although there is some evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made. *Bender v. Bender*, 276 N.W.2d 695 (N.D.1979); *Bohnenkamp v. Bohnenkamp*, 253 N.W.2d 439 (N.D.1977); *In re Estate of Elmer*, 210 N.W.2d 815 (N.D.1973).

"Our scope of review is thus limited by the clearly erroneous rule, and rightly so, for a judge present in the courtroom is in a much better position to ascertain the true facts by listening to and observing the demeanor of the witnesses than we are by reading the cold record.

"There are no fixed rules by which a trial court is to divide the marital estate in a divorce case. The ultimate objective is to make an equitable distribution, and the determination of what is an equitable division lies within the discretion of the trial court. *Piper v. Piper*, 239 N.W.2d 1 (N.D.1976). This will depend on the facts and circumstances of each case. *Johnson v. Johnson*, 211 N.W.2d 759 (N.D.1973)."

and from *Nastrom, supra*, 284 N.W.2d at 585:

"All due regard should be given to the opportunity of the trial court to judge the credibility of the witnesses. Rule 52(a), N.D.R.Civ.P. The mere fact that this court might have viewed the facts differently, if it had been the initial trier of the case, does not entitle it to reverse the lower court. *Bender v. Bender*, 276 N.W.2d 695 (N.D.1979); *State v. Livingston*, 270 N.W.2d 556 (N.D.1978)."

## I.

The most meritorious issue raised on this appeal involves the question of the reasonable rental value of the farm property for the years 1977 and 1978. The record reveals that the farm was occupied by Otto during the years 1977 and 1978. The property is predominantly pasture land with some hay land and cropland included. Marian testified that there were 300 acres of cropland; Otto testified that only 117 acres were used for cropland. Several parties testified as to the rental value of the land.

Marian's witness, Harry Berg, testified that cropland would rent for about $20 per acre. On cross-examination, Berg admitted that he operates out of Bismarck; that he had never seen the Geigle farm; and that most of his business is done in Burleigh County. Berg conceded that he had never rented land in the Anamoose area where the Geigle farm is located.

Marian also produced Loren Holznagel as a witness. Holznagel testified regarding a survey performed by the Economics Department at North Dakota State University. The survey was very general, encompassing a five-county area. Holznagel had never seen the Geigle farm.

Marian Geigle testified that the land was comprised of 300 acres of cropland, 340 acres seeded to tame grass, 500 acres of pasture, and 89 acres of lakes. She estimated the rental value of cropland at $20 per acre, pasture land at $8 per acre, and hay land at $7 per acre.

Otto Geigle produced three witnesses other than himself who testified as to the rental value of the Geigle land. James L. Hoffert, Sheridan County supervisor for the Farmers Home Administration, testified that he was familiar with the Geigle farm and that it was basically a livestock unit. Hoffert said the cropland was of fair quality and would rent for about $15 per acre. On cross-examination Hoffert estimated the

rental value of hay land at $10 per acre and pasture at $7 per acre.

Ray Kapun, a neighbor of Otto Geigle's, testified that he lives about one-quarter of a mile from the Geigle land. Kapun testified that Geigle's land is low-yield land and that few people, if any, in the area cash rent. He indicated that farmers in the area prefer to share-crop when renting land. He also testified that because title to the land was in dispute, he would not rent it because he would be unsure as to who the landlord was or how long he could work the land he rented.

William Martin, another neighbor living near the Geigle farm testified that he rented cropland near Geigle for $10 per acre during the years 1977 and 1978 and that Geigle's land is only 60% as productive as Martin's land. He also testified that the Geigle land was basically a "cattle ranch".

Otto Geigle testified that only 117 acres of land were cropped in 1977 and 1978 and less than 100 acres in 1976. He testified that the farm operated at a loss during 1977 and 1978 and that none of the farmers in the area wanted to rent the land because they were uncertain as to what the court's decision would be regarding the Geigle land. He testified that during 1977 and 1978 he was unable to farm the land because of the forced sale of his cows in April of 1977 and his inability to put together enough money to purchase more cows. He testified that in 1977 and 1978 all he could do was maintain the land and keep it from going to weeds.

The district court heard all of the testimony of the above witnesses and concluded that the reasonable rental value of the farm was $2,000 for 1977 and $2,000 for 1978. Marian's one-half interest was $1,000 for each year. The district court was in a much better position than we are to observe the demeanor and credibility of the various witnesses. *Nastrom v. Nastrom*, 284 N.W.2d 576, 580 (N.D.1979). The district court found that Marian and Otto were equally blameworthy in allowing the farm to deteriorate into its unproductive state in 1977 and 1978. We reiterate the court's finding that no applications were made for lease or rental of the farm.

We conclude that the record supports the finding that the reasonable rental value of Marian's one-half interest in the land was $1,000 per year for the years 1977 and 1978. The record reveals that no one else attempted to rent the land, that neither party sought a renter, and that Otto could not farm it efficiently without cattle or machinery.

## II.

■ The second issue is whether or not the sale of the joint property has been duly made and accounted for and whether or not proper distribution has been made. This issue is not addressed in the December 6, 1979, judgment. However, in its June 18, 1979, memorandum opinion the district court found that all distributions of property had been made except for the reasonable rental value of the farm property due to Mrs. Geigle. Extensive review of the record supports this finding of the court.

Marian's counsel contends that all of the property has not been properly accounted for. To prove these contentions he has relied upon hearsay and innuendo rather than documentary and other established forms of evidence. At his request a receiver was appointed. That receiver reported to the district court that all of the property had been sold and accounted for except for those objects which were bolted or cemented to the real estate (which objects, of course, were included in the sale price of the real estate).

We find ample support in the record for the district court's conclusion that all of the property has been properly distributed.

## III.

■ The third and final issue raised by Marian's counsel is the least meritorious

and most far-fetched of all; namely, that the district court erred in making collection of back child support contingent on waiving an appeal of the farm rent decision.

Counsel has conceded that he does not represent Marian in the matter of child support arrearages, yet he raises them as an issue in this appeal. The record reflects that back payments of child support are due and owing from Otto but it also reflects that this matter is in the hands of the Sheridan County Social Services Board.

At the conclusion of the receiver's work, $6,444.36 was deposited with the district court for distribution to Otto and Marian Geigle. In an order dated April 18, 1979, the district court provided that the money be distributed as follows:

(1) $440.57 to the receiver D. W. Knudson for the balance of expenses due him from Marian;

(2) $3,222.18, representing the share belonging to Otto Geigle, which was to be paid to the clerk of the Burleigh County District Court until the issue of the fair rental value of the real estate could be resolved; and

(3) The balance of $2,781.61 to be paid to Marian Geigle, representing the money owed her after a deduction for the balance she owed for the receiver's expenses.

In its June 18, 1979, memorandum opinion, the district court ordered that the $3,256.31 (the record does not reveal why this amount differs from the $3,222.18 mentioned in the April 18, 1979, order) held by the clerk of court of Burleigh County for the benefit of Otto Geigle be disbursed as follows: $2,000 to Marian as the reasonable rental value of the farm for the years 1977 and 1978 and the remaining sum of $1,256.31 to Marian to be deducted from arrearages due for child support. The court instructed the clerk of court to release said sums of money upon the expiration of the time for appeal or upon both sides expressly waiving their right to appeal.

In doing so, the district court was attempting to make sure that the money would be available at the conclusion of all legal proceedings in this action. If neither party appealed, the money would have been available immediately. Because one party, Marian, chose to appeal, the money is still in the possession of the clerk of the district court. That does not mean that it cannot be collected or that the collection of back child support was contingent on waiving an appeal of the farm rent decision. The district court was merely providing for the possibility that this court might adjust the amount of the award for the reasonable rental value of the farm which would have changed the amount remaining to be applied to arrearages in child support.

At oral argument, Otto Geigle informed this court that all child support payments due and owing have been paid except for the amount in the possession of the clerk of the district court. Because the judgment of the district court is in all things affirmed, Marian Geigle may collect the $3,256.31 from the clerk of the Burleigh County District Court and that money shall be credited to Otto Geigle in a manner consistent with this opinion. We note that Otto should respect his continuing duty to pay child support in accordance with the judgment of the district court.

Judgment affirmed.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.