**Stephen Lyle McDONOUGH,
Plaintiff and Appellee,**

v.

**Margaret Susan McDONOUGH
(Murphy), Defendant and
Appellant.**

**Civ. No. 900099CA.**

Court of Appeals of North Dakota.

July 23, 1990.

Nelson, Kalash & Molenaar, P.C., Grand Forks, for plaintiff and appellee; argued by Lael L. Schmidt.

Mack, Moosbrugger, Ohlsen, Dvorak & Carter, Grand Forks, for defendant and appellant; argued by Ralph F. Carter.

EVERETT NELS OLSON, District Judge.

Margaret Susan McDonough appealed from a judgment modifying Stephen Lyle McDonough's child support payments for Margaret and Stephen's minor child, Shaun. We remand for proceedings consistent with this opinion.

Stephen and Margaret were divorced on January 16, 1986. Margaret was awarded custody of Shaun. The original divorce judgment required Stephen to pay child support of $450 per month for 37 months beginning in November 1985 and alimony of $800 per month for 36 months beginning in December 1985. The judgment provided that after 37 months Stephen would pay child support of $550 per month.

On June 3, 1988, the parties entered into a stipulation, effective March 1988, to increase Stephen's child support obligation to $550 per month and to eliminate his alimony obligation. The parties' stipulation was apparently never filed and an amended judgment incorporating that stipulation was not entered.

On March 13, 1989, Margaret moved to modify the judgment to increase Stephen's child support payments to the amount suggested in the North Dakota Child Support Guidelines published by the Department of Human Services. Both Margaret and Stephen also moved to clarify visitation. Because the motions were submitted on briefs and there was no evidentiary hearing, Margaret prepared a statement of the evidence pursuant to Rule 10(f), N.D.R.App.P., which provided, in part:

"3. On March 13, 1989 [Margaret] made a motion to increase child support to $837.50 per month based on [Stephen's] deposition testimony on August 26, 1985 that his gross salary was $62,-000.00 annually with a gross monthly salary of $5,167.00. At the divorce trial [Stephen] testified his net monthly pay was $3,350.00.

"4. On May 23, 1989 [Stephen] executed a financial statement stating in part his gross monthly income is $5,600.00 and the applicable deductions were federal income tax $1,200.00, state income taxes $170.00, and social security $425.00 for a net monthly income of $3,805.00."

The court issued a memorandum opinion finding that there had been a "material change in circumstances" and amending the original judgment to increase Stephen's child support obligation from $450 per month to $550 per month. The court also clarified visitation. Because the court failed to increase child support to the suggested contribution required by the child support guidelines ($940 per month), Margaret requested clarification on that issue. The court responded:

"Please be advised that the Court considered the increase in child support requested by [Margaret] in this matter. It is obvious from the visitation schedule the Court has recently completed that the physical custody of the child is with [Stephen] during considerable periods of time, and the Court in determining child support under the North Dakota Child Support Guidelines has taken that into consideration."

On appeal Margaret contends that application of the child support guidelines creates a rebuttable presumption that $940 per month is the correct amount of Stephen's child support obligation. She asserts that the trial court's decision does not explain why following the child support guidelines would result in an undue hardship to Stephen. She argues that the trial court failed to make a specific finding that the presumptive amount of child support was rebutted as required by Section 14–09–09.7(3), N.D.C.C.:

"3. There is a rebuttable presumption that the amount of child support which would result from the application of the child support guidelines is the correct amount of child support. The presumption may be rebutted if a preponderance of the evidence in a contested matter establishes that factors not considered by the guidelines will result in an undue hardship to the obligor or a child for whom support is sought. A written finding or a specific finding on the record must be made if the court determines that the presumption has been rebutted."

The trial court found that there had been a material change in circumstances concerning the income of the parties.[1] Although the trial court belatedly stated that it considered visitation in determining child support, it did not make written or specific findings sufficient to enable us to review the court's deviation from child support guidelines of approximately 41%.

Stephen nevertheless argues that the current provisions of Section 14–09–09.-7(3), N.D.C.C., effective July 12, 1989, are not applicable because Margaret's motion was made on March 13, 1989. However the motion was decided after the effective date of the amendment. Although the amendment may not be retroactively applied to child support accruing before the effective date [*see Reiling v. Bhattacharyya*, 276 N.W.2d 237 (N.D.1979)], an obli-

---

1. In view of that finding, it is not necessary to determine whether or not the adoption of the child support guidelines is, by itself, a material change in circumstances.

gor's child support obligation is a continuing obligation which may be modified prospectively. *See* Section 14–05–24, N.D. C.C.; *Kinsella v. Kinsella,* 181 N.W.2d 764 (N.D.1970).

Stephen also argues that the parties' stipulation fixed the child support payments at $550 per month and should be enforced. However, a court has continuing jurisdiction to modify child support even if the amount is set by stipulation. *See Tiokasin v. Haas,* 370 N.W.2d 559 (N.D.1985); *Malaterre v. Malaterre,* 293 N.W.2d 139 (N.D.1980).

In accordance with this opinion we remand to the trial court for proceedings and findings explaining why the court deviated from the child support guidelines.

A.C. BAKKEN, Surrogate Judge and WILLIAM A. NEUMANN, District Judge, concur.