Dan LYNCH, d/b/a Park Package, Roughrider Liquors, Inc., Carroll Skaar, d/b/a Erickson Liquor, Vanwal, Inc., d/b/a Liquor Hut, and JR's Enterprises, Inc., d/b/a JR's Grape & Grain, Plaintiffs and Appellants,

and

H & H Liquor of Williston, Inc., d/b/a Cork & Bottle Shop, Plaintiff,

v.

WILLISTON CITY COMMISSION, consisting of Chet Fossum, President, Charles McCauley, Commissioner, Tomy Clausen, Commissioner, Frank Underhill, Commissioner, Don Larson, Commissioner, and Krause Gentle Corporation, d/b/a Kum & Go, Defendants and Appellees.

Civ. No. 890372.

Supreme Court of North Dakota.

Sept. 5, 1990.

McIntee & Whisenand, P.C., Williston, for plaintiffs and appellants; argued by Kathleen Key–Imes.

Rustad & Schmitz, P.C., Williston, for defendant and appellee Williston City Com'n.

Bjella, Neff, Rathert, Wahl & Eiken, P.C., Williston, for defendant and appellee Krause Gentle Corp.; argued by Greg W. Hennessy.

GIERKE, Justice.

Dan Lynch, d/b/a Park Package; Roughrider Liquors, Inc.; Carroll Skaar, d/b/a Erickson Liquor; Vanwal, Inc., d/b/a Liquor Hut; and JR's Enterprises, Inc., d/b/a JR's Grape & Grain,[1] (herein-

after collectively referred to as Liquor Dealers), have appealed from a district court judgment dismissing their action for a declaratory judgment that the issuance of liquor licenses by the Williston City Commission [the Commission] was unlawful or, alternatively, for a writ of certiorari annulling the issuance of liquor licenses to Krause Gentle Corporation, d/b/a Kum & Go [Krause]. We affirm.

In December 1986, Evelyn Woodward applied for renewal of her on and off-sale beer and on-sale liquor licenses for the Shady Lady Lounge [Lounge] and paid the license fee for 1987. The Lounge closed in February 1987. In December 1987, Wendell Schaan applied for the Lounge licenses. The applications were accompanied by a money order for the 1988 license fees and an "Authorization to Transfer Liquor License," by which Woodward requested the transfer of the Lounge licenses to whomever was designated by Larry Bertsch and Marold Halvorson, who had a security interest in the assets of the Lounge.

The Lounge license transfer was considered and carried over at Commission meetings on January 12 and 26, 1988. At its February 9, 1988, meeting, the Commission "determined that it might be a good idea to table the motion on whether to approve the transfer for approximately one month so the appropriate paperwork and appropriate manager can be found for the establishment so that a proper transfer can take place." The matter was then carried over from meeting to meeting for several months.

On July 8, 1988, Krause filed applications for transfer of the Lounge licenses to Krause. At its meeting on July 12, 1988, the Commission voted two-to-one, with two commissioners absent, to approve the transfer. The Mayor voted against the motion to approve the transfer and declared that "[t]he motion is failed."

On September 12, 1988, a district court judge issued a writ of mandamus ordering

1. Although H & H Liquor of Williston, Inc., d/b/a Cork & Bottle Shop, was originally a plaintiff, it has not participated in the proceedings since counsel for the Liquor Dealers with-

drew as its attorney with the permission of the trial court on March 28, 1989, and is not an appellant in this appeal.

the City Commissioners, Auditor, and Deputy Auditor, to transfer the Lounge licenses to Krause or to show cause why they should not be required to do so. At its meeting on September 13, 1988, the Commission adopted a motion: "That the administration be directed to go through the mechanics of issuing the proper documents."

After unsuccessfully attempting to intervene in the mandamus action, the Liquor Dealers brought this action for a declaratory judgment or writ of certiorari. The trial court ordered dismissal of the Liquor Dealers' claims and a judgment of dismissal was entered accordingly on October 10, 1989, and the Liquor Dealers appealed. The dispositive issue on appeal is whether or not the trial court erred in determining that the Commission had the authority to transfer the Lounge licenses to Krause.

▆ Judicial review upon a writ of certiorari is limited to the question of whether the Commission exceeded its jurisdiction. *Manikowske v. North Dakota Workmen's Compensation Bureau*, 373 N.W.2d 884 (N.D.1985). "In the context of a certiorari proceeding, we have defined 'jurisdiction' as 'the power and authority to act with respect to any particular subject matter.' *Kostelecky v. Engelter*, 278 N.W.2d 776, 778 (N.D.1979); *Parker Hotel Company v. City of Grand Forks*, 177 N.W.2d 764, 768 (N.D.1970)." *Manikowske v. North Dakota Workmen's Compensation Bureau, supra*, 373 N.W.2d at 886.

Section 3–140 of the Williston City Code provides for public hearings on "new applications," published notice of such hearings, consideration of several factors, and the receipt of nonbinding public input. The Liquor Dealers argue that under § 3–140 of the Williston City Code, "failure of the commission to give proper notice or to hold a proper hearing on the application for transfer renders the 2–1 vote at the July 12, 1988 meeting and the 3–1 vote at the September 13, 1988 meeting 'ineffective.' " The Liquor Dealers contend that "[a] joint application for approval of a transfer by the licensee and a proposed transferee is in effect an application by the proposed trans-feree and should be dealt with as if it were an original application." Krause argues that the Liquor Dealers "have never either understood or admitted that the Krause Gentle license was not a 'new application for (a) beer license ...', but instead was a purchase of a license already grandfathered into the Williston quota system just like their own licenses."

▆ The Liquor Dealers did not raise lack of published notice and public hearing as an issue before the Commission when the Commission was reconsidering the matter after the meeting of July 12, 1988. In letters to the Williston City Attorney and the Commission dated July 25, August 4, and August 18, 1988, the Liquor Dealers' attorneys did not raise an issue about the lack of published notice or of a public hearing. At the Commission's meeting on August 9, 1988, the Liquor Dealers' attorney did not mention the lack of published notice and a public hearing. At the Commission's meeting on September 13, 1988, at which the Commission voted to direct the city administration to issue the proper documents transferring the Lounge licenses to Krause, the Liquor Dealers' attorney did not mention the lack of published notice or public hearing. We will not overturn this discretionary act by the Commission for failure to publish notice and hold a public hearing in accordance with the published notice when that issue was never raised before the Commission, which, therefore, was not given an opportunity to correct the error, if any, before rendering a final decision. An issue not raised in an initial proceeding ordinarily may not be raised on appeal. *See, e.g., Choukalos v. North Dakota State Personnel Bd.*, 429 N.W.2d 441 (N.D.1988). Furthermore, the Liquor Dealers have not shown that they could have presented any arguments in a public hearing pursuant to published notice that they have not presented to the Commission. The Liquor Dealers' primary argument, forcefully presented to the Commission several times, is that the Lounge licenses terminated in 1987 when the Lounge stopped doing business, and therefore there were no licenses to transfer.

The Liquor Dealers argue that Woodward's licenses for the Lounge became void in 1987 for nonpayment of the license fee; failure to seek and obtain Commission approval for transfer to Bertsch and Halvorson; and failure of Bertsch, Halvorson, and Schaan to meet the Williston residency requirement imposed by city ordinance. The Liquor Dealers also argue that the Lounge licenses terminated in 1987 when it ceased doing business and that granting Krause a license violated a Williston ordinance limiting off-sale beer licenses to one license per 2,000 residents. We conclude that the arguments are without merit.

■ Woodward paid the Lounge license fees for 1987. The trial court's finding that the 1988 license fees were tendered by the Lounge's secured creditors "via Schaan" is not clearly erroneous. Bertsch and Halvorson were creditors with a security interest in the Lounge licenses. They did not seek to have the licenses transferred to them and the licenses were not transferred to them. Bertsch, Halvorson, and Schaan did not need to meet the Williston residency requirement, as the licenses were never transferred to them. The Lounge licenses did not terminate when it ceased doing business in 1987. Section 3–129 of the Williston City Code provides that a license may be revoked, cancelled, or suspended when a licensee ceases doing business. Section 3–129, however, is discretionary, not mandatory, and the Commission did not exercise its authority to cancel the licenses. There are more licenses than allowed by § 3–37 of the Williston City Code, which only authorizes one off-sale beer license for every 2,000 residents. Section 3–79(1), however, provides: "The population restrictions contained in article III, section 3–37., shall not apply to renewals of existing licenses, but no new licenses shall be issued hereunder except on a population basis." Krause did not obtain a new license, but obtained the transfer of an existing license to which the population restrictions did not apply.

We find no error which would entitle Liquor Dealers to a declaratory judgment. We are not persuaded that the Commission lacked the power and authority to act on the requested license transfer, which would render issuance of a writ of certiorari appropriate. *See Manikowske v. North Dakota Workmen's Compensation Bureau, supra.*

■ In reviewing a municipality's issuance or denial of a liquor license, we adhere to "traditional virtues of judicial restraint" and do not "act as a super board of review," [*Shaw v. Burleigh County*, 286 N.W.2d 792, 796 (N.D.1979)]. In light of the arguments presented to it, the Commission's approval of the requested license transfer "falls within the 'range of reasonableness within which a municipality's exercise of discretion will not be interfered with or upset by the judiciary.'" *Fargo Beverage Co. v. City of Fargo*, 459 N.W.2d 770, 773 (N.D.1990), quoting *Haugland v. City of Bismarck*, 429 N.W.2d 449, 454 (N.D.1988).

Having decided that any error in failing to publish notice and hold a hearing pursuant to the notice is not a reversible error because the issue was never raised before the Commission, and having further decided that the Liquor Dealers' arguments about termination of the Lounge licenses and violation of the population restrictions are without merit, we need not decide any other issues. "Questions, the answers to which are not necessary to the determination of a case, need not be considered." *Hospital Services, Inc. v. Brooks*, 229 N.W.2d 69, 70 Syllabus ¶ 3 (N.D.1975).

Affirmed.

ERIKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.