Thomas L. Trenbeath, counsel for the Respondent, filed on June 4, 1990, a Motion for a Hearing on the Motions of the Disciplinary Counsel. A hearing was set for 11 a.m., June 11, 1990. A Brief in Opposition to the Motions for Continuing Suspension and for Contempt was subsequently filed June 11, 1990, by Mr. Trenbeath.

A hearing was held in the Supreme Court on the Motions for Continuing Suspension and for Contempt and on the Response. The matter was argued by Ms. Berg and Mr. Trenbeath, submitted and taken under advisement by the Court.

After consideration of the briefs and oral argument, the Supreme Court determined that there is insufficient evidence that Respondent's misconduct posed substantial threat of irreparable harm to the public as set forth in Rule 3.4, NDPRLDD, for Interim Suspension; and

ORDERED, that the Interim Suspension of the Respondent be discontinued and that upon immediate payment of the costs of the disciplinary proceedings that Respondent's license be reinstated pending the hearing before the Disciplinary Board on this matter.

IT IS FURTHER ORDERED, that payment of any attorney's fees that may be required will be subject to the further Order of this Court.

The Supreme Court of the State of North Dakota convened at 12:30 p.m. this 11th day of June, 1990, with the Chief Justice, the Honorable Ralph J. Erickstad; the Honorable Gerald W. VandeWalle, the Honorable H.F. Gierke III, the Honorable Herbert L. Meschke, the Honorable Beryl J. Levine, Justices; and the Clerk of the Supreme Court, Luella Dunn, being present and directed the entry of the above order.

William Frederick HUBER, Plaintiff, Appellant, and Cross–Appellee,

v.

Joyce A. JAHNER, formerly Joyce A. Huber, Defendant, Appellee, and Cross–Appellant.

Civ. No. 900076CA.

Court of Appeals of North Dakota.

Sept. 13, 1990.

Rauleigh D. Robinson (argued), Bismarck, for plaintiff, appellant, and cross-appellee.

Wheeler Wolf, Bismarck, for defendant, appellee, and cross-appellant; argued by Arnold V. Fleck.

PER CURIAM.

William Huber appealed from an amended judgment, dated January 24, 1990, modifying the child support provisions of an original divorce decree. Joyce Jahner filed a cross-appeal from the amended judgment. We affirm.

William and Joyce were divorced in April 1988. The original judgment, based upon a stipulated agreement, ordered William to pay $550 per month to Joyce as child support for their five minor children. It also provided that Joyce was to furnish health insurance for the children under her employer's group health insurance program and that William and Joyce would equally share the children's medical, dental, and eye care expenses not covered by the health insurance policy.

In September 1989, Joyce filed a motion for increased child support payments from William. Following a hearing, the trial court modified the original decree, increasing William's child support payments to $680 per month and requiring Joyce to provide for all of the children's medical expenses except for necessary dental and eye care which the court ordered William to provide for the children.

On appeal William asserts that the trial court's finding of a material change of circumstances warranting an increase in his child support obligation was clearly erroneous.

■ The trial court has power to modify the child support provisions of an original divorce decree whenever there is a material change of circumstances. *Guthmiller v. Guthmiller*, 448 N.W.2d 643 (N.D. 1989). When modification is based on a change of financial circumstances, the supporting spouse's needs and ability to pay, as well as the needs of the children and dependent spouse, must be taken into account, with the court striking a balance between the needs of the children and the ability of the supporting parent to pay. *Skoglund v. Skoglund*, 333 N.W.2d 795 (N.D.1983). The trial court's determination on a motion to modify a divorce decree will not be set aside on appeal unless it is clearly erroneous. Rule 52(a), N.D.R. Civ.P. A finding of fact is clearly erroneous when, on the entire evidence, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Bloom v. Fyllesvold*, 420 N.W.2d 327 (N.D.1988).

■ The trial court found that there was a material change in circumstances:

"William's net income has substantially increased since entry of the judgment in this action, in that at the time of entry of the judgment William was unemployed and at the time of hearing he was earning an annual gross income of $30,000 and that Joyce's annual net income since

entry of the judgment had decreased by $720...."

William asserts that the increase in his earnings does not justify a finding of a material change in circumstances because the original agreement on child support anticipated William's potential earning capacity. Joyce's testimony at the hearing disputes William's assertion:

"Q. Do you recall one of the major factors for settling for 550?

"A. He was unemployed, he had not worked.

"Q. Was it also explained to you what could happen in the future should he become employed and start raising [sic] a decent salary?

"A. We could reopen and reapply for child support.

"Q. Is that a substantial reason why you accepted the 550 offer?

"A. Yes, it is."

During the hearing the parties reached an agreement with regard to the medical expenses for the children, whereby Joyce agreed to pay all medical expenses except necessary dental and eye care which William agreed to pay. The trial court modified the original decree to reflect this agreement between the parties regarding the sharing of medical expenses for the children. Neither party can now complain about the court's action.

The trial court found that William is currently netting $1,875 per month and has the ability to pay $680 per month for child support in addition to paying for the children's necessary dental and eye care expenses. Upon reviewing the entire record in the case, we are not convinced that the trial court made a mistake. The trial court's findings are supported by the evidence in the record and are not clearly erroneous.

On her cross-appeal, Joyce asserts that the trial court committed reversible error by setting William's child support obligation at an amount less than specified by the Department of Human Services' child support guidelines.

When this case was heard by the trial court, Section 14–09–09.7, N.D.C.C., as amended in 1989, provided in relevant part:
"*14–09–09.7.   Child support guidelines.*
"1. The department of human services shall establish child support guidelines to assist courts in determining the amount that a parent should be expected to contribute toward the support of the child under this section....

\*      \*      \*      \*      \*      \*

"3. There is a rebuttable presumption that the amount of child support which would result from the application of the child support guidelines is the correct amount of child support. The presumption may be rebutted if a preponderance of the evidence in a contested matter establishes that factors not considered by the guidelines will result in an undue hardship to the obligor or a child for whom support is sought. A written finding or a specific finding on the record must be made if the court determines that the presumption has been rebutted."

The Department of Human Services is an administrative agency and is subject to the provisions of Chapter 28–32, N.D.C.C. Pursuant to that chapter, an administrative rule is invalid unless it is adopted in substantial compliance with Section 28–32–02, N.D.C.C. *Mullins v. Department of Human Services*, 454 N.W.2d 732 (N.D.1990); *Little v. Spaeth*, 394 N.W.2d 700 (N.D. 1986). Joyce does not argue that the child support guidelines have been promulgated in accordance with Chapter 28–32, N.D.C.C. She asserts that they are binding, nevertheless, upon the trial court, because they are expressly exempted, by the definition of "rule" under Section 28–32–01(6), N.D.C.C., from the rule-making procedures under Chapter 28–32, N.D.C.C. We disagree.

The term "rule" is defined under Section 28–32–01(6), N.D.C.C.:
" 'Rule' means the whole or a part of an agency statement of general applicability that implements, interprets, or prescribes law or policy, or the organization, procedures, or practice requirements of the agency. The term includes the amend-

ment, repeal, or suspension of an existing rule. The term does not include:

\*   \*   \*   \*   \*   \*

"1. Guidelines, manuals, brochures, pamphlets, and similar statements of policy intended to advise or guide the agency or the public concerning activities of the agency which are otherwise prescribed by rule or statute."

Under the clear and unambiguous language of the foregoing section, only those "guidelines" are exempted from the rule-making process which are "intended to advise or guide the agency or the public concerning activities of the agency...." The child support guidelines clearly do not fall within this narrow definition. The guidelines are not intended to merely "advise or guide" the agency or the public, and they are not guidelines "concerning activities of the agency." Pursuant to Section 14–09–09.7(3), N.D.C.C., the guidelines constitute presumptive evidence of the child support obligation that a trial court must award absent specific findings rebutting the presumption. They are a statutorily authorized schedule for court awarded child support, pursuant to Section 14–09–09.7, N.D.C.C. As such, the guidelines constitute "an agency statement of general applicability that implements ... law." We conclude that the guidelines constitute a substantive rule which must be promulgated in accordance with Chapter 28–32, N.D.C.C., to have validity. *See Johnson v. North Dakota Workers Compensation Bureau,* 428 N.W.2d 514 (N.D.1988).

Joyce has not demonstrated that the child support guidelines were validly promulgated under Chapter 28–32, N.D.C.C., or that they are otherwise binding upon the trial court in this case. Consequently, we conclude that the trial court did not err in ordering child support which deviates from the guidelines.

In accordance with this opinion, the judgment of the trial court is affirmed.

DOUGLAS B. HEEN, Surrogate Judge, and JOHN T. PAULSON and WALLACE D. BERNING, District Judges, concur.