Shirley **PUKLICH**, Plaintiff and Appellant,

v.

Frank **PUKLICH**, Defendant and Appellee,

and

**Puklich Farms, Inc., and Frank William Puklich, Defendants.**

Civ. No. 900190.

Supreme Court of North Dakota.

Nov. 29, 1990.

Rauleigh D. Robinson (argued), Bismarck, for plaintiff and appellant.

Jos. A. Vogel, Jr. (argued), of Vogel Law Firm, Mandan, for defendant and appellee.

GIERKE, Justice.

Shirley Puklich appeals from an amended judgment transferring custody of one of the parties' children to her and ordering Frank Puklich to pay $150 per month child support. We affirm.

Frank and Shirley were divorced on January 3, 1990. Three of the parties' five children are minors. Pursuant to a stipulation and the divorce decree, Shirley was granted custody of Kim, and Frank was granted custody of Billy and Melissa. Neither party was required to pay child support.

Shortly after the divorce, Melissa expressed a desire to live with Shirley instead of Frank. Shirley brought a motion seeking a change of custody and child support of $400 per month. Frank did not contest the change of custody, and a hearing was held to set child support. The district court ordered Frank to pay $150 per month in child support for Melissa. The judgment was amended accordingly.

Shirley's primary argument on appeal is that the district court erred in setting child support in an amount below that suggested in the child support guidelines established by the Department of Human Services pursuant to Section 14–09–09.7, N.D.C.C. Shirley specifically points to Section 14–09–09.7(3), which creates a rebuttable presumption that the amount of child support under the guidelines is the correct amount, and requires that the court make a specific finding on the record if it determines that the presumption has been rebutted. Shirley asks that we remand and direct the district court to set child support in accordance with the guidelines.[1]

We have recently concluded that the child support guidelines constitute substantive rules which were not properly promulgated in accordance with Chapter 28–32, N.D.C.C. *Illies v. Illies,* 462 N.W.2d 878, 883 (N.D.1990); *see also Huber v. Jahner,* 460 N.W.2d 717, 720 (N.D.Ct.App.1990). Accordingly, we concluded that the guidelines are invalid and not binding upon the trial courts of this state. We further held, however, that our decision was to be given prospective application only, in accordance with the *Sunburst* doctrine [2]:

1. The parties dispute whether the amount of child support ordered was in fact below the amount suggested by the guidelines. Frank asserts that Shirley has failed to take into consideration allowable deductions from his income in calculating the proper amount due under the guidelines. We find it unnecessary to address this issue.

2. *See Great Northern Railway Co. v. Sunburst Oil & Refining Co.,* 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932).

"Our decision in this respect shall not apply in this case, but it shall apply prospectively to all trial court cases decided after the issuance of the mandate in this case, and to those cases in which the issue was raised in a trial court prior to this opinion and are now on appeal or are eligible for appeal." *Illies v. Illies, supra,* 462 N.W.2d at 883.

■ Although Frank did not challenge the validity of the guidelines in the trial court, we will not remand this case to require adherence to the invalid child support guidelines. The interests of justice are not served by a remand which requires the trial court to conform to rules which were not properly promulgated and are, accordingly, invalid.

A careful reading of *Illies* leads to the same conclusion. We stated that our decision would "apply prospectively to all trial court cases decided after the issuance of the mandate" in that case. *Illies v. Illies, supra,* 462 N.W.2d at 883. If we remand to the trial court for reconsideration, this case becomes a "trial court case" to which *Illies* applies. Therefore, on remand the child support guidelines would be invalid. The proper reading of the prospective nature of our opinion in *Illies* is that we will not automatically reverse decisions in which the child support guidelines were applied by the trial court. *Illies* does not, however, require that cases in which the trial court failed to apply the guidelines be remanded to require adherence to the invalid guidelines. Such a result would serve only to compound the injustice and confusion occasioned by the Department's failure to properly promulgate the guidelines in accordance with Chapter 28–32, N.D.C.C.

Rule 61, N.D.R.Civ.P., states that "no error or defect in any ruling or order ... is ground ... for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice." It does not appear to this court that refusal to remand for adherence with the guidelines will be "inconsistent with substantial justice." We conclude that the trial court's failure to follow invalid child support guidelines does not constitute reversible error.

Shirley next asserts that, notwithstanding the child support guidelines, the district court's determination on the amount of child support is clearly erroneous.

■ The district court has the power to modify the child support provisions of an original divorce decree whenever there has been a material change of circumstances, even when the original judgment was based upon an agreement between the parties. *Guthmiller v. Guthmiller,* 448 N.W.2d 643, 645 (N.D.1989); *Skoglund v. Skoglund,* 333 N.W.2d 795, 796 (N.D.1983). When modification is based on a change in financial circumstances, the court must attempt to strike a balance between the supporting spouse's needs and ability to pay, and the needs of the children and non-supporting spouse. *Guthmiller v. Guthmiller, supra,* 448 N.W.2d at 645; *Skoglund v. Skoglund, supra,* 333 N.W.2d at 796.

■ The district court's determination on a motion to modify a divorce decree will not be set aside on appeal unless it is clearly erroneous. *Guthmiller v. Guthmiller, supra,* 448 N.W.2d at 645; Rule 52(a), N.D.R.Civ.P. A finding of fact is clearly erroneous when, on the entire evidence, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Bloom v. Fyllesvold,* 420 N.W.2d 327, 331 (N.D.1988).

■ It would serve no purpose to engage in a lengthy discussion of the facts and financial circumstances of the parties. We have thoroughly reviewed the record and find ample evidence to support the district court's determination that $150 per month child support is appropriate. On the entire evidence we are not left with a definite and firm conviction that a mistake has been made, and accordingly the district court's finding is not clearly erroneous.

We have considered other issues summarily raised by Shirley with no supportive reasoning or citations to authority. We deem them to be without merit.

The amended judgment of the district court is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.